335 P.2d 618

**William G. ERICKSON, Plaintiff and Appellant,**

v.

**Helen W. ERICKSON, Defendant and Respondent.**

No. 8938.

Supreme Court of Utah.

Feb. 24, 1959.

Sumner J. Hatch, Salt Lake City, for appellant.

McCullough, Boyce & McCullough, Salt Lake City, for respondent.

HENRIOD, Justice.

Appeal from an order increasing support money for two children. Affirmed with costs to defendant.

In February, 1954, plaintiff divorced defendant on grounds of mental cruelty. She had filed a consent to the jurisdiction and otherwise defaulted. She was restrained from removing the children from the state, but was awarded $150 per month for their support.

In March, 1956, she caused plaintiff to appear and show cause why 1) she should not be allowed to remove the children to Illinois and 2) why he should not pay her $350 per month, instead of $150 for child support.

The court allowed her to take the children from the state but left the support money award at $150.

In June, 1958, following the death of the man she had married after plaintiff divorced her, she again had plaintiff brought into court to show cause why the award should not be increased to $400 per month. A different judge of the same court increased it to $225 per month. Result: This appeal.

She urged that there had been a change in circumstances, because of increased rentals and costs of necessaries in Kansas City, where she resided, and because both children needed their teeth straightened. At least part of the changed circumstances were of her own making by moving out of the state. Other details of her testimony seemed to be little more sincere than the representation in her petition for an order to show cause that removal of the children from the jurisdiction was advisable, among other things, so that she could be near her parents and the children would have the love and affection of their grandparents,— only to find her establishing residence with them, not in Illinois, but in Kansas City.

■ Be that as it may, the trial court gave credence, apparently, either to such evidence or to the fact that plaintiff's annual gross income had increased, or to both, there being sufficient evidence of a change in circumstances, if believed, that we are constrained to conclude that the trial court's order was not so arbitrary and capricious as to constitute an abuse of discretion.

■ Defendant could have asked for an award based on a need for more than $150 per month support money in 1954, on the occasion of the divorce, but she deigned not to do so. We must assume that the amount awarded at that time was adequate. In about two years she sought an increase in the award, but the division of the court hearing the matter apparently was unconvinced and made no such award. After another two years had elapsed she tried again, and another division of the same court upped the award to $225 after hearing testimony that, without too much stretch of one's imagination, might appear to have been designed to secure alimony disguised as child support. The duty to support children, it must be remembered, lies with both, not just one of the parents.

Repeated orders to show cause why support money should not be upped that conceivably might suggest a pattern designed perennially to increase the support money award without any real, solid, convincing basis in fact or circumstance, or that might suggest an inclination on the part of a divorced woman to shop around among the various divisions of the trial court, with little or nothing to lose, should alert the court to canvass any such requested increase in direct proportion to an increase in the quality and substance of proof presented. This particularly where a woman successfully convinces a court to permit her to take the children, most priceless heritage of the joinder of these litigants, from the jurisdiction, rendering a father's right or ability to visit with his children more or less valueless as a practical matter.

WADE, WORTHEN and McDONOUGH, JJ., concur.

CROCKETT, Chief Justice (concurring).

I concur but desire to make these additional comments as to my reasons for sustaining the order of the trial court:

1. These children, now ages 12 and 9, have increasing needs which defendant claims now exceed $300 per month.

2. There is basis in evidence upon which the trial court reasonably could find: (a) That the amount allowed, $225 per month, for their support, is within reasonable compass of the standard of living which their father, who is a medical doctor with a good practice and income, should be able to furnish them, and (b) that his income, as shown by his tax returns received in evidence, indicates a substantial increase since 1954, when the order for $150 per month was made.

The comparison of gross income for those years is as follows:

| Year | Gross Income | Adjusted Gross Income |
|------|--------------|-----------------------|
| 1954 | $10,801.00 | $ 6,753.68 |
| 1957 | 15,760.28 | 11,325.06 |

It is appreciated that other factors are involved, including the fact that the plaintiff himself has remarried, so that the gross figures given do not present the full picture. Nevertheless, as indicated in the main opinion, the order made seems justified upon the basis of the changed circumstances, the needs of the children, and the ability of the plaintiff to meet such responsibility.